**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

| | |
|---|---|
| **ALFORD LEE ROSE** | **CIVIL ACTION** |
| **VERSUS** | **NO. 25-1943** |
| **STATE OF LOUISIANA THROUGH THE DEPARTMENT OF PUBLIC SAFETY AND CORRECTIONS, ET AL.** | **SECTION "M" (5)** |

## ORDER AND REASONS

Before the Court is a Motion to Appoint Counsel (rec doc. 20) filed by Plaintiff Alford Lee Rose ("Plaintiff").   Having reviewed the pleading and the case law, the Court rules as follows.

### I.    Background

Plaintiff filed a Complaint on August 13, 2025 (in the U.S.D.C. for the Middle District of Louisiana) alleging cruel and unusual punishment, violation of the Americans with Disabilities Act, denial of equal protection of the law, and failure to properly train, instruct, and supervise Defendants' employees.  (Rec. doc. 1).  Plaintiff is currently housed at Rayburn Correctional Center ("RCC") in Angie, Louisiana.  (*Id.*).  Plaintiff named the State of Louisiana through the Department of Public Safety and Corrections, former Secretary James LeBlanc, Warden Travis Day, and Secretary Gary Westcott and the RCC Medical Director as Defendants.  (Id.).  Plaintiff claims that Defendants are violating the Americans with Disabilities Act ("ADA") and that he is being subjected to cruel and unusual punishment as a 100% blind person in RCC.  He alleges that RCC is not accessible or designed to properly house offenders that are 100% blind like himself.  (*Id.*).

Plaintiff filed an Administrative Remedy Procedure complaint ("ARP") numbered RCC-2025-259, but states that he was rejected because the warden allegedly did not want to

address the issues raised in the complaint.  (*Id.*).  He then claims to have moved to the next step, which was with the Secretary for the Department,  who has yet to answer him.  Plaintiff then filed this suit seeking damages, costs, fees, other just and equitable relief, and for Defendant to comply with the ADA immediately.  (*Id.).*

**II.   Law and Analysis**

The Court's power to "appoint counsel" is derived from 28 U.S.C. § 1915(e)(1), which provides that the "court may request an attorney to represent any person unable to afford counsel."  Plaintiff has neither a constitutional nor an automatic right to appointed counsel in a civil case. *See Caston v. Sears, Roebuck & Co.,* 556 F.2d 1305, 1309 (5th Cir. 1977).  Unlike a criminal defendant, an indigent civil rights litigant, even if currently incarcerated, does not have a right to appointed counsel absent "exceptional circumstances." *See Norton v. E.U. Dimazana*, 122 F.3d 286, 293 (5th Cir. 1997)*; Akasike v. Fitzpatrick,*  26 F.3d 510, 512 (5th Cir. 1994); *Vitug v. Merit Sys. Protection Bd.*, Civ. A. No. 01-3297, 2002 WL 1216023 (E. D. La. June 4, 2002).  Indeed, the federal court has considerable discretion in determining whether to make such an appointment in a civil case. *See Salmon v. Corpus Christi Indep. School Dist.*, 911 F.2d 1165, 1166 (5th Cir. 1990).  The Court has discretion to appoint counsel in such a case if doing so would advance the proper administration of justice. *See Ulmer v. Chancellor,* 691 F.2d 209, 212-13 (5th Cir. 1982); *Salmon*, 911 F.2d at 1166.  The plaintiff bears the burden of persuasion as to the necessity of such an appointment. *See Caston,* 556 F.2d at 1310.

The evidence that must be adduced includes

(1)   plaintiff's indigence and
(2)   efforts made to secure counsel.

However, these are bare minimum *threshold* considerations.  Additionally, the Court

should consider the following factors:

(a)   the type and complexity of the case;
(b)   whether the indigent is capable of presenting his case adequately;
(c)   whether he is in a position to investigate his case adequately; and
(d)   whether the evidence will consist in large part of conflicting testimony so as to require skill in the presentation of evidence and in cross-examination.

*Parker v. Carpenter*, 978 F.2d 190, 193 (5th Cir. 1992); *Ulmer*, 691 F.2d at 213.  The Court also considers whether appointment of counsel would be of service to the court and the defendant by sharpening the issues in the case. *Id.*

This Court granted Plaintiff pauper status, and he is thus indigent.  (Rec. doc. 8).  There is no evidence to indicate whether Plaintiff has made any efforts to secure counsel himself. However, Plaintiff is currently incarcerated and lacks the resources to adequately communicate with lawyers.

More importantly, Plaintiff is 100% blind and has been since 1994.  (Rec. doc. 1). Although he represents himself in this matter, he currently has a friend and fellow inmate, Derrick Jerome Allen, helping him file pleadings.  (Rec. doc. 20).  Plaintiff alleges that prison officials have retaliated against Allen by taking his law-related work and damaging his law books and legal materials with the intention of forcing Allen to discontinue helping Plaintiff in this matter.  (*Id.*).  He also claims that the law library at the prison is inadequate and the staff who work in the library do not know about civil law or federal law.  (*Id.*).  Plaintiff argues that because he is blind and cannot see, he is not in position to present or investigate his case adequately.

Plaintiff's complaint involves several Defendants and grievances.  The complexity of the case is certainly increased with the Plaintiffs inability to see. Further, Plaintiff alleges he is the only 100% blind person in the facility and that since RCC is not ADA compliant, the

facility is not accessible or designed to properly house offenders that are 100% blind like himself.

Upon considering the factors stated above, the Court finds that Plaintiff has met his burden of establishing why the appointment of counsel is necessary.  Plaintiff is indigent, incarcerated, and fully blind.  Thus, it is evident that he is incapable of presenting his case adequately and he is not a position to investigate his case sufficiently.  Further, he is incapable of litigating this case on his own.  Appointment of counsel would be of service to the court and the defendant not only by sharpening the issues in the case but by ensuring the legal process is fair and acceptable.

### III.    Conclusion

Accordingly, and for the foregoing reasons, **IT IS ORDERED** that Plaintiff's Motion to Appoint Counsel (rec doc. 20) is **GRANTED.**

**IT IS FURTHER ORDERED** that, on or before April 24. 2026, the FBA-NO Pilot Program Coordinator is to undertake a search for an attorney from the Civil Pro Bono Counsel Panel for the appointment and provide that attorney's name and contact information to the undersigned.  Once that information is received, the Court will issue an order directing the Clerk of Court to designate that attorney on the docket sheet as counsel for Plaintiff.

**IT IS FURTHER ORDERED** that the Clerk of Court forward a copy of this order to the Program Coordinator.

New Orleans, Louisiana, this 30th day of _____March_____, 2026.

_____

MICHAEL B. NORTH
UNITED STATES MAGISTRATE JUDGE