UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

ALFORD LEE ROSE                                       CIVIL ACTION

VERSUS                                                NO. 25-1943

STATE OF LOUISIANA THROUGH                            SECTION M (5)
THE DEPARTMENT OF PUBLIC
SAFETY AND CORRECTIONS, *et al.*

**ORDER & REASONS**

Before the Court is a motion for a temporary restraining order filed by *pro se* plaintiff

Alford Lee Rose.[1]  The defendants, the State of Louisiana through the Department of Public Safety

and Corrections, James LeBlanc, Travis Day, and Gary Westcott (collectively, "Defendants"),

respond in opposition.[2]  Rose, who is incarcerated at Rayburn Correctional Facility ("Rayburn")

in Angie, Louisiana, brings this action pursuant to 42 U.S.C. § 1983, claiming that Defendants

have violated his Eighth Amendment right to be free from cruel and unusual punishment and have

denied him equal protection of the law.[3]  Rose is completely blind.[4]  He says that he is targeted by

guards who he cannot see and thus cannot report; that he is denied medical treatment for his

injuries; and that the prison telephone, his cell, and certain other facilities do not accommodate his

disabilities.[5]  The magistrate judge granted Rose's motion to appoint counsel on March 30, 2026,[6]

but no counsel has yet been appointed.  According to Rose, his friend and fellow inmate Derrick

Jerome Allen assists him with his *pro se* filings in this matter.[7]

[1] R. Doc. 37.
[2] R. Doc. 41.
[3] R. Doc. 1 at 3-5.
[4] *Id.* at 5.
[5] *Id.* at 5-10.
[6] R. Doc. 27.
[7] R. Doc. 37 at 1.

Rose, in his motion for a temporary restraining order, asserts that prison officials are retaliating against him and Allen for having initiated a lawsuit against them.[8]  First, he says that the warden at Rayburn does not allow Allen to purchase special shoes from stores outside of the prison, instead requiring him to make such purchases through the prison medical department.[9]  Second, Rose alleges that prison officials had an inmate attack Allen, who is partially deaf, in an attempt to stop Allen from assisting Rose with his lawsuit.[10]  Third, Rose says that Allen is routinely relocated from prisons at which he files Administrative Remedy Procedure ("ARP") complaints.[11]  Fourth, Rose alleges that prison officials required Allen to discard some of his legal material, mail, and documents.[12]  Rose insists that, if Allen is transferred from Rayburn, Rose will be unable to assist his appointed counsel because of his blindness, and he does not trust any other inmates.[13]  Rose also avers that, if Allen is transferred from Rayburn, prison officials will kill Rose so that they can avoid paying him monetary damages he may receive from this lawsuit.[14]  Therefore, Rose requests an order from this Court prohibiting prison officials from transferring Rose or Allen out of Rayburn and "prohibit[ing] defendants and prison officials from violating his duty status, by not allowing him to go out each morning at 5:00 a.m., when diabetics are called every morning."[15]  Rose also seeks injunctive relief on "any and all issues the court deem[s] just, fair, and reasonable."[16]

---

[8] *Id.*
[9] *Id.* at 2.
[10] *Id.* at 4.
[11] *Id.* at 2.
[12] *Id.* at 5.
[13] *Id.* at 3.
[14] *Id.* at 5-6.
[15] *Id.* at 8.
[16] *Id.*

Defendants, in their opposition to Rose's motion for the temporary restraining order, argue that Rose does not meet his burden of proving all four elements required for injunctive relief.[17] First, Defendants argue that Rose's motion should be denied because he cannot show a substantial likelihood of success on the merits, as he failed to exhaust his administrative remedies prior to filing suit.[18] Specifically, Defendants note that Rose failed to take the requisite additional action on the ARP he filed with the warden at Rayburn, which he should have appealed to the Secretary of the Louisiana Department of Public Safety and Corrections before filing this lawsuit.[19] Second, Defendants argue that Rose's contention that he will be killed is fantastical, baseless, and does not show that Rose would suffer irreparable harm if he and Allen are separated.[20] Third, Defendants allege that the state of Louisiana and its agents are not "persons" for the purposes of 42 U.S.C. § 1983,[21] and thus sovereign immunity bars the district court from hearing such a claim for injunctive relief brought against the state.[22] Therefore, Defendants request that Rose's motion for a temporary restraining order be denied.[23]

The movant for a temporary restraining order must show: (1) a substantial likelihood that the movant will prevail on the merits; (2) a substantial threat that the movant will suffer irreparable injury if the restraining order is not granted (*i.e.,* that there is no adequate remedy at law); (3) that the movant's threatened injury outweighs the threatened harm to the party whom the movant seeks to enjoin; and (4) that granting the request for a temporary restraining order will not disserve the public interest. *See PCI Transp., Inc. v. Ft. Wor. & W. R.R. Co.,* 418 F.3d 535, 545 (5th Cir. 2005). "A temporary restraining order is an extraordinary remedy which should not be granted unless the

---

[17] R. Doc. 41 at 4-5.
[18] *Id.* at 5.
[19] *Id.* at 7-8.
[20] *Id.* at 9-10.
[21] *Id.* at 12.
[22] *Id.* at 10-11.
[23] *Id.* at 12.

party seeking it has clearly carried the burden of persuasion on all four requirements." *Terry v. Network Funding, LP*, 2016 WL 8674352, at *1 (W.D. Tex. July 20, 2016) (citing *PCI Transp., Inc.*, 418 F.3d at 545).

Having considered the parties' memoranda, the record, and the applicable law, the Court finds that Rose's motion requesting a temporary restraining order should be denied.  Rose fails to show a substantial threat exists that would cause him to suffer irreparable injury.  Although Rose alleges that he will be retaliated against or killed by prison officials and fellow inmates if the relief he requests is not granted, these claims are unsubstantiated and speculative.  There is no evidence in the record supporting Rose's claim of potential retaliation.  Furthermore, the record does not indicate that Rayburn plans to relocate Allen subsequent to his filing the lawsuit.  Even if Rayburn has such plans, the Court does not see how Allen's transfer would constitute irreparable injury, as Rose has been appointed counsel by the Court.  Finally, Rose provides no argument that his request "to go out at each morning at 5:00 a.m.," if denied, would result in irreparable injury.

Given that Rose has failed to carry his burden on the element of irreparable harm, this Court need not reach the other arguments raised by Defendants in their opposition to the motion. Accordingly, for the foregoing reasons,

IT IS ORDERED that Rose's motion for a temporary restraining order (R. Doc. 37) is DENIED.

New Orleans, Louisiana, this 20th day of May, 2026.

_____
BARRY W. ASHE
UNITED STATES DISTRICT JUDGE

4