UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

ALFORD LEE ROSE                                          CIVIL ACTION

VERSUS                                                   NO. 25-1943

STATE OF LOUISIANA THROUGH                               SECTION M (5)
THE DEPARTMENT OF PUBLIC
SAFETY AND CORRECTIONS, *et al.*

**ORDER & REASONS**

Before the Court is a motion to stay proceedings until a lawyer is appointed filed by *pro se* plaintiff Alford Lee Rose.[1]  The motion was filed on April 17, 2026, and defendants, the State of Louisiana through the Department of Public Safety and Corrections, James LeBlanc, Travis Day, and Gary Westcott (collectively, "Defendants"), have not indicated they oppose the motion.[2]

Rose, who is incarcerated at Rayburn Correctional Facility ("Rayburn") in Angie, Louisiana, brings this action pursuant to 42 U.S.C. § 1983, claiming that Defendants have violated his Eighth Amendment right to be free from cruel and unusual punishment and have denied him equal protection of the law.[3]  The magistrate judge granted Rose's motion to appoint counsel on March 30, 2026,[4] but no counsel has yet been appointed.  Rose asks the Court to stay proceedings until he is appointed a lawyer, so his lawyer can inspect Rayburn's facilities and "amend the current lawsuit."[5]

Where a civil litigant has been appointed *pro bono* counsel by the court, it is appropriate for the court to stay proceedings while it locates volunteer counsel.  *See, e.g.*, *Davis v. Lee*, 2023

---

[1] R. Doc. 33.
[2] *Id.*
[3] R. Doc. 1 at 3-5.
[4] R. Doc. 27.
[5] R. Doc. 33 at 2-3 (quote at 3).

WL 361552, at *7 (S.D. Tex. Jan. 23, 2023); *Capps v. Herrera*, 2021 WL 4212485, at *7 (S.D. Tex. Sept. 16, 2021).  Rose's complaint was drafted and filed without the assistance of counsel, and there are two dispositive motions pending in this case which Rose has opposed without the assistance of counsel.  Rose has been appointed an attorney, who, when identified and makes an appearance, could amend Rose's complaint or file supplemental briefing on the Defendants' dispositive motions.  It would thus be against the interests of justice to rule on the pending motions without the benefit of an adversary presentation from Rose's appointed counsel while the Court continues its search for such counsel.  Further, the Defendants have not indicated they oppose a stay of the proceedings.  As a result, the Court finds it appropriate to stay the proceedings while Rose awaits the designation and appearance of appointed counsel.

While a stay of proceedings is generally proper for a *pro se* litigant awaiting counsel, an indefinite stay in the proceedings is inappropriate, as it could prejudice the rights of the *pro se* litigant and create unwarranted delays in the resolution of pending cases.  *See McKnight v. Blanchard*, 667 F.2d 477, 479 (5th Cir. 1982) ("The district court has a general discretionary power to stay proceedings before it in the control of its docket and in the interests of justice.  Nevertheless, stay orders will be reversed when they are found to be immoderate or of an indefinite duration."); *Chase v. Epps*, 74 F. App'x 339, 343 (5th Cir. 2003) ("A district court has 'inherent power to control its docket and prevent undue delays in the disposition of pending cases.'" (quoting *Boudwin v. Graystone Ins. Co.,* 756 F.2d 399, 400 (5th Cir. 1985))).  Therefore, the Court will issue a stay of three months – a reasonable but limited duration – at which time the Court will issue an order reopening the case and determine the most appropriate way to proceed.

Accordingly, for the foregoing reasons,

IT IS ORDERED that Rose's motion to stay proceedings until a lawyer is appointed (R. Doc. 33) is GRANTED.

IT IS FURTHER ORDERED that the captioned matter is STAYED until August 24, 2026, or until Rose is appointed counsel, whichever occurs first.  Either party can move to lift the stay for good cause at any time.

New Orleans, Louisiana, this 21st day of May, 2026.

_____
BARRY W. ASHE
UNITED STATES DISTRICT JUDGE